CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JAN 05 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DORAREEN THOMPSON, | ) | CASE NO. 4:09CV00013 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |
| | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's July 3, 2002 protectively-filed applications for a period of disability, disability insurance benefits, and supplemental security income under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter GRANTING plaintiff's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings.

Plaintiff's first hearing before an Administrative Law Judge ("Law Judge") was on September 17, 2003. (R. 569-591.) In a decision dated November 25, 2003, the Law Judge found that, because she was able to perform her past relevant work, plaintiff was not disabled under the Act. (R. 837-845.) She appealed the November 25, 2003 decision to the Appeals Council. (R. 853.) Upon review, the Appeals Council noted that, although the Law Judge found that plaintiff's depression was a severe impairment which created moderate limitations, the Law

Judge ultimately found she could perform a full range of light work. (R. 853.) The case was remanded to allow for clarification of this apparent inconsistency. (R. 853-854.)

A second administrative hearing was held on October 13, 2004. (R. 592-617.) In a decision dated November 24, 2004, the Law Judge found that plaintiff suffered the following severe impairments: degenerative joint disease, fibromyalgia, sleep apnea, anxiety disorder and depressive disorder. (R. 29.) The Law Judge did not believe these impairments met or equaled a listed impairment, and he found that plaintiff retained the residual functional ("RFC") capacity to perform a significant range of sedentary work. (*Id.*) While he also found that plaintiff could not perform her past relevant work, he concluded that there were a significant number of jobs in the national economy that she could perform. (*Id.*) Thus, the Law Judge determined that plaintiff was not disabled under the Act. (*Id.*)

Plaintiff submitted additional evidence to the Appeals Council and requested review of the Law Judge's November 24, 2004 decision. (R. 14-16.) The Appeals Council found that the additional evidence did not warrant additional review. (R. 14-15.)

On May 2, 2005, plaintiff appealed that decision to this court. *See Thompson v. Commissioner of Social Security*, 4:05CV00024. On December 19, 2005, the undersigned entered a Report recommending that the case be remanded for further proceedings. (R. 652-660.) The presiding District Judge adopted the undersigned's December 19, 2005 recommendation, and the case was remanded for further proceedings. (R. 887-888.)

Plaintiff's third administrative hearing was held on July 26, 2006. (R. 906-944.) In a decision dated November 16, 2006, the Law Judge found that plaintiff remained insured for benefits through December 31, 2006, and that she had not engaged in substantial gainful activity

since her alleged disability onset date, December 14, 2001. (R. 628.) The Law Judge believed that plaintiff suffered from severe physical and mental impairments, but that she did not have an impairment or combination of impairments which met or equaled a listed impairment. (*Id.*) He found that plaintiff maintained the RFC to lift twenty pounds occasionally and ten pounds frequently, stand and walk at least six hours in an eight-hour workday, and sit about six hours in an eight-hour workday.[1] (*Id.*) The Law Judge further found that plaintiff suffered mental limitations on her ability to function. (*Id.*) Specifically, he determined that she was slightly limited in her capacities to understand and remember short, simple instructions; carry out short, simple instructions; understand and remember detailed instructions; carry out detailed instructions; and make judgments on simple work-related decisions. (*Id.*) Contrary to the findings in the former decision, the Law Judge found that plaintiff's RFC did not preclude her from performing her past relevant work as a sewing machine operator and housekeeper/companion. (R. 641.) Alternatively, he concluded that, should plaintiff's mental limitations be found to preclude her from performing this past relevant work, she still was capable of performing sedentary jobs. (*Id.*) Therefore, he found that plaintiff was not disabled under the Act. (*Id.*)

Plaintiff attempted to appeal the Law Judge's November 16, 2006 decision. (R. 618-620.) It was determined that the appeal was untimely and that the Law Judge's decision stood as the final decision of the Commissioner. This action ensued.

---

[1] Interestingly, in the Law Judge's prior decision, November 24, 2004, it was determined that plaintiff was limited to sedentary work. (R. 29.) The Law Judge's determination that plaintiff's physical capacity had increased was based primarily on the testimony of the non-examining medical expert who testified at the July 26, 2006 hearing. (R. 640.)

3

In a brief filed in support of her motion for summary judgment, plaintiff argues that the Law Judge's RFC assessment is irrational and contrary to the substantial evidence. (Pl's Brief, pp. 33-39.) The undersigned agrees that the Law Judge's RFC finding that plaintiff can perform light exertional work is not supported by substantial evidence.

Teresa A.F. Moore, M.D. served as plaintiff's primary treating physician. On May 28, 2002, Dr. Moore assessed plaintiff's physical capacity to work. (R. 336, 339.) She opined that plaintiff was able to sit for approximately thirty minutes maximum before needing to get up and stretch, and that she may be able to sit for a total of four to six hours during the whole day. (R. 336.) Dr. Moore opined that plaintiff could lift items weighing less than ten pounds frequently, but she should not do bending at the waist. (*Id.*) Again, on January 5, 2005, Dr. Moore provided a statement regarding plaintiff's capacity to work. On that date, Dr. Moore opined that plaintiff was "totally and permanently disabled" and not able to work at a usual job on a consistent and reliable basis. (R. 561.)

Ronald L. Haney, M.D., plaintiff's treating orthopedist, provided his opinion with respect to plaintiff's capacity to work on December 6, 2004. At that time, Dr. Haney opined that plaintiff was not ready to return to work and was permanently disabled. (R. 560.)

James Brodeur, M.D., treated plaintiff on January 29, 2003 for the first time and then evaluated her impairments on February 19, 2003. (R. 416-419.) At that time, Dr. Brodeur opined that plaintiff's pain was constantly severe enough to interfere with her attention and concentration. (R. 417.) The physician opined that plaintiff could not walk even a city block without rest or severe pain. (*Id.*) Dr. Brodeur believed that plaintiff could sit continuously and stand for only fifteen minutes at a time, and that she could sit and stand/walk for less than two

4

hours in an eight-hour workday. (*Id.*) Additionally, he found that plaintiff would need to take unscheduled breaks every fifteen to twenty minutes, with breaks lasting on an average of five to ten minutes. (R. 418.) The physician opined that plaintiff could lift less than ten pounds only occasionally and could never left more than ten pounds. (*Id.*) Finally, Dr. Brodeur opined that plaintiff's impairments and treatment would cause her to miss work on an average of more than four times a month. (R. 419.)

Evgeniy Schelchkov, M.D., a neurologist, provided a letter addressing plaintiff's capacity to work. (R. 775.) Dr. Schelchkov opined that plaintiff's fibromyalgia, migraine headaches, and cervical and lumbosacral spine degeneration restricted her to a limited amount of activity in a fixed environment. For example, Dr. Schelchkov noted that plaintiff cannot perform duties requiring intermittent outdoor and indoor activities. Moreover, Dr. Schelchkov believed plaintiff is unable to perform vigorous physical activities and could carry only ten pounds of weight at a time and five pounds of weight repetitively.

In finding that plaintiff could perform light exertional work, the Law Judge placed heavy reliance on the assessment of a non-examining medical expert who testified at the July 26, 2006 hearing, Norman Garrett, M.D.[2] (R. 640.) What stands out in Dr. Garrett's testimony is his opinion that plaintiff suffers *no physical impairments*. (R. 929.) This opinion contradicts not only the views of plaintiff's treating sources but also those offered by the non-examining State agency record reviewers[3]. Notwithstanding the Law Judge's purported reliance on Dr. Garrett's

---

[2]Dr. Garrett neither treated nor examined the plaintiff.

[3]The State agency record reviewers, Alston W. Blount, Jr., M.D. and Robert R. Chaplin, Jr., M.D. found that plaintiff's physical impairments limited her to light exertional work. (R. 408-415.)

testimony, his eventual finding that plaintiff suffers limitations on her ability to perform work-related activities amounts to a rejection of the very centerpiece of Dr. Garrett's evidence and raises serious questions about the purpose for which this evidence was cited by the Law Judge. Dr. Garrett's conclusion was so entirely inconsistent with those expressed by the remainder of all the medical sources, the undersigned must conclude it does not rise to the level of substantial evidence.

Equally, the evidence on the non-treating, non-examining review physician evidence cannot substantially support the Law Judge's decision. Those conclusions were restricted to plaintiff's residual physical capacity and did not address the effects of any mental limitations which likely disable plaintiff from her past relevant work.

In a sense that brings this case almost full circle. The former decision which found plaintiff disabled from her past relevant work, and not disabled at the final level of the sequential evaluation without the benefit of the additional evidence was supplanted by a later one which found her able to perform her past work. This later decision, thus, ended the process essentially where it began but on evidence the undersigned now finds is insubstantial. A remand is in order to fully adjudicate plaintiff's claim without reliance on the insubstantial evidence.

For these reasons, the undersigned RECOMMENDS that an order enter GRANTING plaintiff's motion for summary judgment and REMANDING this case to the Commissioner for further proceedings consistent with the court's decision.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10)

days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

_1-5-2010_
Date